LEVI PARKER *vs.* JOHN SANBORN.

An accommodation indorser, who has paid a note on the maker's failure to pay it, may declare for the amount against the maker in a special count stating all the facts, instead of declaring upon the note, or for money paid.

In an action by the indorser of a note to recover the amount which he has paid thereon ot the maker, the books of the bank to which the note was paid are admissible, in connection with the plaintiff's check for the amount, to prove the payment.

In an action by the assignee of an insolvent debtor on a debt due to his insolvent, debts due and payable from the insolvent more than six years before the commencement of the action, but less than six years before the commencement of the proceedings in insol vency, may be set off.

ACTION OF CONTRACT by the assignee in insolvency of Noah Sanborn, upon a promissory note for $700, made by the defendant, and payable to said Noah in three months from date, and attested by a subscribing witness. The defendant denied the

execution and the consideration of the note, and pleaded the statute of limitations.

The defendant also filed a declaration in set-off, containing a count on an account annexed, to the amount of $485, consisting of cash, rent and goods sold; and another count, which alleged that said Noah, on the 26th of January 1841, obtained for his own accommodation the defendant's indorsement of his note for $600, payable in four months from date, and on the 28th of May 1841 paid $200 thereof, and the time for payment of the residue was, by agreement of all the parties thereto, extended four months, and on the 2d of October 1841, the defendant being legally bound by his indorsement thereon, and Noah being unable and having neglected and refused to pay it, the defendant paid the note at the Bunker Hill Bank, whereby Noah became indebted to the defendant in the sum of $400, and was so indebted, with interest thereon, at the time of his insolvency, and no part thereof had been paid.

Trial before *Metcalf,* J., who made a report thereof, which stated the substance of the pleadings, and the residue of which was thus :

" In order to prove said last item, the defendant produced the books of said bank, to show the amount paid on said note, and also the original check by which he paid it. He also produced evidence tending to show that said Noah obtained the defendant's indorsement of said note, to raise money on it at said bank, and that, when it became due, Noah told the defendant he must pay it, because he could not, and agreed to repay as soon as he could.

" To this evidence, and the form of stating the claim in the defendant's declaration in set-off, the plaintiff objected, because the note should have been declared on by the defendant as holder of the same. The court overruled both these objections, and admitted the evidence aforesaid.

" The plaintiff objected that many items of the defendant's set-off were due and payable more than six years before the commencement of the present action, or the filing of the set-off. But the court ruled that, the insolvency proceedings having

been commenced within six years of the time when said items became due and payable, the time since said proceedings were commenced was not to be reckoned in making out the time of limitation. The jury returned a verdict for the defendant.

" If either of these rulings of the court is erroneous in matter of law, then the verdict is to be set aside, and a new trial granted; otherwise, judgment is to be entered on the verdict for the defendant."

*B. F. Butler,* for the plaintiff. 1. The defendant should have declared, in his last count in set-off, upon the note of Noah to him, by setting out the note according to *St.* 1852, *c.* 312, § 2, *cl.* 9; and could not give it in evidence under the count filed, which was substantially for money paid. Upon the payment of money on the note, under his liability as indorser, he became again the holder of the note, and could recover on that alone. The note was the only evidence of the contract between the parties; and the evidence offered to prove the payment of the note by the defendant was incompetent and immaterial.

At least the books of the bank, which are in the nature of declarations made by the indorsee of the note, not in the presence of the maker, that it has been paid by the payee, are not evidence in his favor in a suit against the maker.

2. There is no provision of law, and no reason, for engrafting the proposed exception upon the statute of limitations, or excepting the debts in question from the usual legal presumptions.

*J. Q. A. Griffin,* for the defendant.

METCALF, J. 1. We find no legal ground for the exceptions taken to the defendant's declaration in set-off, and to the evidence admitted in proof of it. It was not necessary that he should declare on the note which he indorsed and paid for the accommodation of the payee. Neither was it necessary that the defendant should declare in a count for money paid for the payee's use. Doubtless he might have so declared; but he would, in that case, have been required to file a specification of particulars. Instead of so doing, he has stated the particulars in what may be termed a special count. Th's seems to us to be

a compliance with the direction of the practice act, that "when the defendant relies on any claim by way of set-off, he shall file with his answer, a declaration adapted to such claim." *St.* 1852, *c.* 312, § 37.

The books of the bank, showing the amount paid on the note, were, taken in connection with the check given by the defendant for the amount, competent evidence of the payment.

2. After the property of an insolvent debtor has been assigned under the insolvent laws, and thus sequestered and placed in the custody of the law in trust for his creditors, the statute of limitations does not run against their claims upon his estate in the hands of his assignee. *Minot* v. *Thacher*, 7 Met. 352. *Willard* v. *Clarke*, 7 Met. 437. The assignee, in bringing a suit upon a demand which was due to the insolvent before the commencement of proceedings in insolvency, represents the estate; and in such suit all claims of the defendant may be set off, which existed at the time of the first publication of notice. *Aldrich* v. *Campbell*, 4 Gray, 284. A claim against the estate of the debtor in the hands of his assignee stands upon a different ground, in this respect, from the right of action against the debtor personally: That right is not taken away or suspended by the proceedings in insolvency, and is therefore barred by the lapse of the usual period of limitation. *Collester* v. *Hailey*, 6 Gray, 519.                                      *Exceptions overruled.*